IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RHONDA HOGELAND | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 4:17-cv-00411 |
| | ) | |
| vs. | ) | |
| | ) | RULE 26(F) REPORT |
| VILLAGE OF ORLEANS, NEBRASKA; | ) | |
| MARY ANN LEHMER, Individually and in | ) | |
| Her capacity as Village Clerk; BRUCE | ) | |
| WERNER, Individually and in his capacity | ) | |
| As Chairman of the Board of Trustees; and | ) | |
| DAVID SNODGRASS, Individually and in | ) | |
| His capacity as Board of Trustees, | ) | |
| | ) | |
| Defendant(s). | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report)**.
      Joy Shiffermiller, Plaintiff;
      Matthew B. Reilly, Defendants;

The parties discussed the case and jointly make the following report:[1]

**I.  INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  The defendant

---

[1]Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

    \_\_\_\_\_ does

    \_\_X\_\_\_ does not

contest jurisdiction and/or venue.  If contested, such position is because:

1)     Jurisdiction:_____

2)     Venue:_____

B.     <u>Immunity</u>:  The defendant

    \_\_x\_\_\_ has raised

    \_\_\_\_\_ will raise

    \_\_\_\_\_ will not raise

an immunity defense based on <u>qualified and absolute immunities</u>.

C.     If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. _____

D.     Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). <u>None.</u>

## II.     CLAIMS AND DEFENSES:

A.     <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

1)      CLAIM ONE:  Public Meeting Law Violation

   Elements:

1)   The Defendant is a public body;
2)   The Defendant failed to give advance publicized notice containing the agenda of subjects known at the time of the publicized notice or a statement that the agenda (kept continually current), was readily available for public inspection at the principal office of the public body during normal business hours.
3)   Any agenda was not sufficiently descriptive to give the public reasonable notice of the matters to be considered at the meeting
4)   Any notice was not made more than twenty-four hours before the scheduled commencement of the meeting;
5)   The Defendant public body met regarding matters that were not on an agenda posted with sufficient notice;
6)   The Plaintiff has timely requested that the action of the Defendant be voided.
7)   The Plaintiff has been damaged thereby.
   Of these elements, defendant disputes the following: <u>ALL.</u>

2)      CLAIM TWO:  Due Process Violations - Property Interest

   Elements:
1)   Plaintiff had a property interest in her employment;
2)   Plaintiff was terminated from her employment;
3)   Plaintiff's termination was without proper notice and a hearing and deprived her of due process of law.
4)   Plaintiff has been damaged thereby

Of these elements, defendant disputes the following: <u>ALL.</u>

3)      CLAIM THREE:  Due Process Violations – Liberty Interest

   Elements:
1)   Plaintiff had a liberty interest in her good name and reputation;
2)   Defendants made statements regarding the Plaintiff that had a stigmatizing effect on her good name and reputation;
3)   Plaintiff was without proper notice and meaningful opportunity to defend her protected liberty interest;
4)   Plaintiff has been damaged thereby

Of these elements, defendant disputes the following: <u>ALL.</u>

4)     CLAIM FOUR: _Due Process Violations – First Amendment_

Elements:
1) Plaintiff spoke out on matters of public concern;
2) Plaintiff was terminated from her employment following her protected speech;
3) Plaintiff was deprived of her good name and reputation following her protected speech;
4) Plaintiff's treatment was because of her speaking out on matters of public concern;
5) Plaintiff has been damaged thereby.

Of these elements, defendant disputes the following: ALL.

B.    Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1) DEFENSE ONE: FAILURE TO STATE A CLAIM FOR RELIEF
*Elements and Factual Application*: Plaintiff purports to allege two claims: that her termination violated her due process rights and that meeting during which she was terminated was in violation of the Nebraska Open Meetings Act. The first claim requires Plaintiff to show that she had a protected property interest in continued employment, but there is no statute or contract that confers such a protected interest upon her. The second claim, because it was pursued more than 120 days after the alleged violation of the Open Meetings Act, requires Plaintiff to show a "substantial violation" of the Act. At most, Plaintiff can only show that she did not receive advance notice of the meeting because she was out of town and not in a position to personally observe the notices that were otherwise adequately and properly posted.

Of these elements, the plaintiff disputes the following: _All__

2) DEFENSE TWO: PLAINTIFF LACKS A SUFFICIENT PROPERTY INTEREST IN CONTINUED EMPLOYMENT
*Elements*: In order to assert a due process claim upon termination, an employee must demonstrate that she had a property interest in continued employment with the government employer. A unilateral expectation of continued employment does not create an entitlement that the due process clause protects. The existence of a legitimate claim of entitlement to a property interest in continued employment is to be determined in accordance with state law. In Nebraska, that when employment is not for a definite term, and there are no contractual or statutory restrictions upon

the right of discharge, a public employer may lawfully discharge a government employee whenever and for whatever cause it chooses without incurring liability.

*Factual Application*: As the substitute, part-time Village Clerk, Plaintiff had no property interest in her continued employment. She was not under contract and there was no statutory restriction or prohibition on her termination.

Of these elements, the plaintiff disputes the following: _All__

3) DEFENSE THREE: PLAINTIFF WAS AFFORDED DUE PROCESS
*Elements*: The essential elements of any due process claim are notice and an opportunity to respond.
*Factual Application*: Plaintiff's termination was considered at a meeting of the Village Board pursuant to a properly issued notice. Plaintiff only complains that she did not receive notice of the hearing because she was out of town on vacation.

Of these elements, the plaintiff disputes the following: _All__

4) DEFENSE FOUR: FAILURE TO PRESERVE TORT CLAIM
*Elements*: In order to assert a tort claim—*e.g.*, a wrongful termination claim—Plaintiff must preserve that claim by giving timely written notice to the Village Clerk.
*Factual Application*: Plaintiff has asserted a tort claim for wrongful termination, albeit under the guise of claiming that her constitutional rights were violated, and failed to give the statutorily required notice of the claim prior to filing.

Of these elements, the plaintiff disputes the following: _All__

5) DEFENSE FIVE: IMMUNITY
*Elements*: Government officials are entitled to qualified immunity from suit as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Whether an official may prevail on a qualified immunity defense depends upon the "objective reasonableness of [his or her] conduct as measured by reference to clearly established law."
*Factual Application*: Plaintiff did not have a clearly established right to continue in her employment as the part-time Village Clerk after she usurped authority and hired her own temporary replacement. It was objectively reasonable for the Defendants to take action to terminate her employment after that occurred.

Of these elements, the plaintiff disputes the following: _All__

## III. SETTLEMENT:

Counsel state:

-5-

\_\_\_\_\_ There have been no efforts taken yet to resolve this dispute.

\_\_X\_\_\_ This dispute has been the subject of efforts to resolve it

   \_\_X\_\_\_ prior to filing in court.

   \_\_\_\_\_ after court filing, but before the filing of this report.

   Those efforts consisted of
   Demand made by Plaintiff; statement taken by insurance adjuster.

\_\_\_\_\_ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

   \_\_x\_\_ Mediation will be appropriate in this case at some point.

   \_\_\_\_\_ Mediation will not be appropriate because _____.

\_\_x\_\_ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement, by _____.
Explain. _____

**IV.   CASE PROGRESSION:**

A.   Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? \_\_No\_\_\_
Explain._____

B.   Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

   \_\_\_\_\_ have been completed.

   \_\_\_\_\_ will be completed by <u>January 26, 2018.</u>

C.   Motions to amend the pleadings or to add parties.

   1)   The plaintiff

      \_\_\_\_\_ does

    __X___ does not

    anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by   February 15, 2018.

  2) The defendant

    _____ does

    __X___ does not

    anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by _____.

 If more than ninety days are needed, state the reason(s) why such time is necessary._____

D. Experts.

  1) If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by the following deadlines:
   a. Plaintiff's experts: March 15, 2018;
   b. Defendants' experts: April 26, 2018.
  2) Experts and, unless otherwise agreed, expert **reports** shall be served with disclosures as specified in Section D(1), above.

  3) Motions to exclude expert testimony on *Daubert* and related grounds will be filed by June 1, 2018.

E. Discovery.

  1) Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by June 1, 2018.

  2) Depositions, whether or not they are intended to be used at trial, will be completed by June 1, 2018.

  3) Agreed Discovery Procedures:

   a. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:  None.

   Counsel have agreed to the following actions to address that difficulty: _____.

      b.    <u>Electronic Discovery Provisions</u>: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

    (i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

    (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

    (iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

    (iv)    Whether reasonable measures have been implemented to preserve such data;

    (v)    The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

    (vi)    The form and method of notice of the duty to preserve;

    (vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

    (viii)    Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

    (ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (x)    The anticipated costs of preserving these materials and how such costs should be allocated; and

    (xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__√___    No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____    As to electronically stored information, the following provisions will be followed by the parties: _____.

c.   Privileged and/or confidential communications and information.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i)    Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii)   Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii)  As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding

disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

__√___ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d. The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is <u>25.</u>

e. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is <u>10.</u>

f. Depositions will be limited by Rule 30(d)(1), except the depositions of <u>None</u>, which by agreement shall be limited as follows: _____.

g. The parties stipulate that they will be required to give at least <u>10</u> days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

h. Other special discovery provisions agreed to by the parties include: _____.

F. The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): _____.
Motions to dismiss and/or for summary judgment will be filed by_____.

G. Other matters to which the parties stipulate and/or which the court should know or consider: _____.

H. Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and

order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

\_\_\_\_\_ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

\_\_X\_\_\_ All parties do not consent at this time.

I. Trial date.

1) Jury Trial:

a. \_\_\_\_\_ No party has timely demanded a jury trial.

b. \_\_X\_\_\_ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

c. \_\_\_\_\_ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the (plaintiff's/defendant's) demand for jury trial will be filed no later than _____.

d. \_\_\_\_\_ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

e. \_\_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by September, 2018 . If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

3) The estimated length of trial is 3 – 4 days.

Dated:_January 9, 2018

| | |
|---|---|
| s/*JoyShiffermiller* | s/*Matthew B. Reilly* |
| Joy Shiffermiller, #18164 | Matthew B. Reilly, #24186 |
| Shiffermiller Law Office, P.C., L.L.O. | Erickson Sederstrom P.C., L.L.O. |
| 1002 G Street | Regency Westpointe, Suite 100 |
| Lincoln, Nebraska 68508 | 10330 Regency Parkway Drive |
| | Omaha, Nebraska 68114 |

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew B. Reilly, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants. None.

Joy Shiffermiller
Joy Shiffermiller

(Rev. 12/1/16)